**COREX CORP. d.b.a. Quick Corporation of America, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 72-1272-AAH.**

United States District Court, C. D. California.

June 28, 1973.

Bernard B. Laven, Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., Arthur M. Greenwald, Asst. U. S. Atty., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

### FINDINGS OF FACT

1. The plaintiff at all times relevant was a resident of Orange County, State of California, and the Central District of California, and was conducting a wholesale jobbing and distribution business in the United States of fishing equipment under the name and style of Quick Corporation of America.

2. That defendant, United States of America, is a sovereign body politic.

3. That this is an action for refund of manufacturer's excise taxes imposed under Section 4161(a) of Title 26, United States Code, arising under Title 28 U.S.C. Sections 1340 and 1346(a)(1).

4. That on or about March 20, 1972, defendant assessed against plaintiff a deficiency in excise tax in the sum of $1,232.41 for the period ended September 30, 1968, and interest in the sum of $250.13.

5. That on or about April 25, 1972, plaintiff paid the defendant the assessment in the sum of $1,232.41, and interest to May 1, 1972, in the amount of $258.81, making a total of $1,491.22.

6. That on or about May 5, 1972, plaintiff duly filed a claim for refund of said $1,491.22, which claim was disallowed on or about May 24, 1972, by notice dated May 24, 1972.

7. That Jon H. Importing Company was a sole proprietorship owned by Ruth Marie Nessley, of Cypress, California, and acted independently of plaintiff, who did not invest in, direct, or control the operations in any shape or form, financial, economic, business policy, or otherwise, of Jon H. Importing Company.

8. That on or about October 7, 1968, plaintiff and Jon H. Importing Company, two resident citizens of the United States, entered into a written contract which recited that Jon H. Importing Company had been appointed the exclusive importers of D.A.M. fishing products, and appointed Quick Corporation of America (plaintiff) as sole distributor in the United States, Hawaii, Alaska, Virgin Islands, and Puerto Rico. The contract provided, among other

things, that plaintiff shall have the first option to purchase all of said D.A.M. fishing products imported by Jon H. Importing Company, at prices on the basis of CIF, duty, and excise taxes, paid Los Angeles harbor or Customs bonded warehouses based on shipment by ocean vessel. In the event of air shipments, air freight costs will be added to the invoices, along with delivery charges from airport to Costa Mesa.

9. That all dealings between plaintiff and Jon H. Importing Company were sales by Jon H. Importing Company, as the importer, to plaintiff, who purchased as a distributor. All of said sales to plaintiff by Jon H. Importing Company were arm's length transactions.

10. That all of the business dealings between plaintiff and Jon H. Importing Company were that of principal and principal, and not principal and agent.

11. That Jon H. Importing Company did not act as agent for plaintiff, but was the principal for itself, only, in importing the taxable articles into the United States.

12. That the taxable articles upon which the manufacturer's excise tax was assessed herein, arrived at the port of Los Angeles at various times between August 1, 1968, and December 30, 1969, and were unloaded at the port of Los Angeles in accordance with the sea- and air-bills of lading.

13. That all of the special Customs invoices were prepared and issued by Anton W. C. Denker, the exporter and seller of the taxable articles to Jon H. Importing Company, and showed that Jon H. Importing Company was the purchaser thereof.

14. That all bills of lading issued by the sea- and air-carriers were made to the order of the shipper, to-wit: Anton W. C. Denker, and showed party to be notified as Jon H. Importing Company.

15. That all carriers' certificates and release orders certified to whom, or upon whose order, the articles described therein must be released, as being Jon H. Importing Company, of Cypress, California, the owner or consignee of such articles within the purview of Section 484(h), Tariff Act of 1930. The Release orders directed to the Collector of Customs provided that, in accordance with the provisions of Section 484(j), Tariff Act of 1930, authority is hereby given to release the articles covered by the carrier's certificate to Jon H. Importing Company.

16. That all of the consumption and warehouse entries for the taxable articles showed Jon H. Importing Company as the importer of record.

17. That plaintiff was not named in any of the documents of importation of the taxable articles, nor was it involved in any manner in the importation thereof.

18. That all applications to the Bureau of Customs for immediate delivery permits were made for Jon H. Importing Company by Edward S. Zerwekh Company, its attorney-in-fact.

19. That all the original non-negotiable warehouse receipts were in the name of Jon H. Importing Company, who was the owner of the taxable articles which were delivered on the order of Jon H. Importing Company to plaintiff after having been withdrawn from the bonded warehouse by Jon H. Importing Company.

20. That the taxable articles were cleared through Customs and were withdrawn from Customs or Customs' bonded warehouses by Edward S. Zerwekh Company, Customs brokers, who acted solely as agent of Jon H. Importing Company, the importer, the party who sold the taxable articles to plaintiff at a profit either ex dock or ex warehouse if the taxable articles went through a Customs bonded warehouse.

21. That plaintiff did not withdraw any taxable articles from a Customs

bonded warehouse, nor was it entitled to do so.

22. That plaintiff did not intend to, and did not, take possession and title to the taxable articles until after they had been cleared through Customs, and either released from Customs' custody or from a Customs bonded warehouse.

23. That Jon H. Importing Company's payments of the premiums on the term bond, insurance, excise taxes, Customs duties, brokerage fees, warehousing, CF price, wharfing, payment of goods, and all other expenses of importation on the taxable articles were all bona fide.

24. Except as specifically found herein, none of the allegations of defendant's answer and counterclaim is true.

## CONCLUSIONS OF LAW

1. That this Court has jurisdiction of the parties and of the subject-matter of this action.

2. The term [importer], as used in Section 4161(a) of Title 26, United States Code, is the person who arranges [as principal, and not as agent] for the goods to be brought into the United States.

3. The plaintiff did not, as a principal, arrange for, induce, or cause, the taxable articles to be brought into a port of the United States with intent to unload. Neither did it actually import the taxable articles.

4. That neither plaintiff, nor his agent, withdrew the taxable articles from a Customs bonded warehouse.

5. The plaintiff never had any interest or title in the taxable articles until after they had been cleared and released from Customs custody or withdrawn from a Customs bonded warehouse, and title to the taxable articles did not pass to plaintiff until after it received delivery and possession thereof, which was after release from Customs custody or withdrawal from a Customs bonded warehouse. Rev.Rul. 56–409, 1956 Cum. Bull. 796, and West's Ann.U.C.C. § 2401 (2)(3)(a).

6. That the first sale of the taxable articles in geographic United States was made by Jon H. Importing Company, upon which it made a profit and paid the excise taxes due thereon.

7. That plaintiff was not the importer of the taxable articles within the meaning of 26 U.S.C. § 4161.

8. It follows that the manufacturer's excise taxes in question were illegally and erroneously assessed against, imposed upon, and paid by, plaintiff.

9. Plaintiff is entitled to recover from defendant the sum of $1,491.22, with interest thereon at the rate of six percent (6%) per annum from April 25, 1972, until paid, in accordance with the terms and provisions of Section 6611 of the United States Code Title 26, together with costs.

10. The Counterclaim is hereby dismissed on its merits on the ground that defendant is not entitled to a judgment thereon.

The foregoing Findings of Fact and Conclusions of Law are hereby approved as to form.